# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

THEODIS CLAY TRIMBLE-BEY,

        Petitioner,          Case Number: 2:10-CV-13343

v.          HON. BERNARD A. FRIEDMAN
         UNITED STATES DISTRICT JUDGE

MARY BERGHUIS,

        Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Petitioner Theodis Clay Trimble-Bey is a state inmate currently incarcerated at the West Shoreline Correctional Facility in Muskegon Heights, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he is incarcerated in violation of his constitutional rights. For the reasons which follow, the petition will be dismissed.

## I.

Petitioner pleaded no contest in Wayne County Circuit Court to two counts of third-degree criminal sexual conduct. On October 12, 2007, he was sentenced to six to fifteen years' imprisonment for each conviction, to be served concurrently.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

    I.    Michigan statute M.C.L.A. § 750.520 "criminal sexual conduct" law was passed and enacted illegally in 1974 in violation of the constitution article 4 § 18, 24, 25, 26.

    II.    Defendant claims that the court is in direct violation of the Michigan constitution

by using case law that is insufficient and not supported by the legislature.

The Michigan Court of Appeals denied leave to appeal. *People v. Trimble*, No. 288282 (Mich. Ct. App. Nov. 13, 2008). Petitioner did not file an application for leave to appeal in the Michigan Supreme Court.

Petitioner filed the pending habeas corpus petition on August 23, 2010. He raises the same claims raised in the Michigan Court of Appeals.

## II.

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds which may establish the violation of a federal constitutional right, therefore, the petition will be dismissed

### B.

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1); see also *Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should

> ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 410-11.

### III.

### A.

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan,* 526 U.S. at 845, 119 S. Ct. at 1732 (internal quotation omitted). State prisoners in Michigan must raise each claim in both state appellate courts before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

In this case, Petitioner failed to invoke one full round of appeals in state court because he did not file an application for leave to appeal in the Michigan Supreme Court. *See* Petition at 2.

4

A federal court may deny a habeas petition on the merits despite a petitioner's failure to exhaust state remedies for all his claims. 28 U.S.C. § 2254(b)(2); *see also Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991), *cert. denied*, 503 U.S. 922 (1992) (holding that the doctrine of exhaustion raises only federal-state comity concerns and is not a jurisdictional limitation of the power of the court). The Court has concluded that neither of the claims warrant habeas corpus relief. Accordingly, in the interests of efficiency and justice, the Court will address Petitioner's claims rather than dismiss the petition on the ground of failure to exhaust. *See* 28 U.S.C. § 2254(b)(2); *Cain*, 947 F.2d at 819 (holding that where an unexhausted federal constitutional claim is plainly meritless, "it would be a waste of time and judicial resources to require exhaustion").

**B.**

Petitioner claims that the criminal sexual conduct statute under which he was convicted was not enacted in compliance with Article IV of the 1963 Michigan Constitution. Among other sections, he principally argues that the statute runs afoul of Article IV, Section 26 of the 1963 Michigan Constitution which provides in part: "No bill shall be passed or become law at any regular session of the legislature until it has been printed or reproduced and in the possession of each house for at least five days. Every bill shall be read three times in each house before the final passage thereof."

Petitioner's claim concerns a matter of state law. This Court may grant a writ of habeas corpus only regarding errors in the application of federal law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1975). Habeas relief is unavailable for mere errors of state law and a federal court will not review a state court's decision on a matter of purely state law. *See Lewis v. Jeffers*, 497

5

U.S. 764, 780 (1990); *see also Murray v. Bergh*, No. 2:08-cv-49, 2009 WL 2135047 (W.D. Mich. July 16, 2009) (holding that claimed violations of Michigan laws, administrative rules, and procedural rules by the parole board are not, in themselves, cognizable under a petition for habeas corpus). State officials are not required to follow their own procedural statutes and rules as a matter of federal due process. *Sweeton v. Brown*, 27 F.3d 1162, 1165 (6th Cir. 1994) (en banc); *see also Coleman v. Martin*, 363 F.Supp.2d 894, 903 (E.D. Mich. 2005). In addition, a habeas petitioner is not entitled to habeas relief based upon an alleged violation of the Michigan Constitution. *See Hudson v. Berghuis*, 174 F. App'x 948, 952, n.1 (6th Cir. 2006); *see also Doyle v. Scutt*, 347 F. Supp.2d 474, 485 (E.D. Mich. 2004). Consequently, Petitioner's claims, which both involve allegations of the violation of state law and the state constitution, are not cognizable for purposes of habeas corpus review.

**IV.**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

It would be a "rare case" in which a district judge issues a certificate of appealability after summarily dismissing a petition because it plainly appeared from the face of the petition and any

6

exhibits annexed to it that the petitioner was not entitled to habeas relief. *See Alexander v. Harris*, 595 F. 2d 87, 91 (2nd Cir. 1979). The Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not state a claim upon which habeas relief may be warranted. Therefore, the Court denies a certificate of appealability.

## V.

It plainly appears from the face of the petition that Petitioner is not entitled to habeas relief from this Court and the petition, therefore, is subject to summary dismissal. *See* Rule 4, Rules Governing Section 2254 Cases. Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


s/Bernard A. Friedman
BERNARD A. FRIEDMAN
UNITED STATES DISTRICT JUDGE

DATED: September 1, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record by electronic means and/or first-class mail to Theodis Trimble #208115, Muskegon Correctional Facility, 2400 S Sheridan, Muskegon, MI 49442.

s/Felicia Moses for Carol Mullins
Case Manager